**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DEBRA GOLDEN, etc.,

               Plaintiff,

vs.                                                        Case No. 6:06-cv-276-Orl-32JGG

COMMUNITY EDUCATION PARTNERS,

               Defendant.

_____

**ORDER ON PENDING MOTIONS**[1]

Upon consideration of the motions now pending before the Court and the responses and exhibits thereto, it is hereby

**ORDERED**:

1.      In light of other case events, Plaintiff's Motion to Compel Parties to Comply with Mediation Order (Doc. 54), and Defendant's Motion for Enlargement of Time (Doc. 78) are **MOOT**.

2.      The Court will reserve ruling on Defendant's Motion for Leave to Amend Witness and Exhibit List (Doc. 77) until plaintiff has undertaken the limited discovery of the XO phone records as discussed at the March 9, 2007 telephone hearing.  Once the discovery is completed, and no later than March 28, 2007, plaintiff may file a brief written supplemental response to the motion.  The Court will then address the matter at the March 30, 2007 Final Pretrial Conference.  Plaintiff's Motion in Limine (Doc. 92), which seeks to

_____

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

exclude the XO records, is **TERMINATED** as the Court's ruling on Defendant's Motion to Amend (Doc. 77) will address the admissibility of the XO phone records.

3.      Defendant's Motion in Limine to Strike Testimony of Andre Golden Due to Incompetency (Doc. 82) is **DEFERRED**.  The Court fully recognizes and supports the earlier rulings in this case which have denied defendant's untimely requests to depose Andre Golden.  However, because the undersigned will not be able to meaningfully evaluate the incompetency issue without an understanding of the deportment of Andre Golden and the content of his testimony, the Court has determined to permit defendant to depose Andre Golden at a mutually agreeable time and place for a period of not more than two hours (the Court assumes that plaintiff's counsel will not want to cross-examine her own client but she is given leave to do so for up to two hours).

4.      Defendant's Motion in Limine to Seal Part of the Record Containing Trade Secrets of CEP and to Temporarily Close Courtroom (Doc. 83) is **DENIED without prejudice** to defendant making the requisite showing.  However, the Court is unlikely to seal exhibits or testimony received in evidence at trial.

5.      Defendant's Motion in Limine and/or in the Alternative to Strike Expert Witness (Doc. 84) remains under advisement.  If the Court has not issued a ruling in advance of the Final Pretrial Conference, the parties should be prepared to argue this motion at the hearing.

6.      Defendant's Motion in Limine to Preclude "Golden Rule" Argument (Doc. 85) is **MOOT** as the Court has already advised both parties of its expectation, and indeed

requirement, that counsel will try this case with the highest degree of professionalism- - no special Order is therefore required to enforce the "Golden Rule" preclusion.

7.    Defendant's Motion in Limine to Exclude Evidence of or Reference to the Existence of Its Insurance Coverage and Corporate Ownership, Size, or Financial Status (Doc. 86) is **GRANTED** to the extent that evidence regarding defendant's insurance coverage is inadmissible; is otherwise **DENIED**, subject to plaintiff showing the relevancy of such evidence.  However, some of this evidence (including, inter alia, overall wealth, salaries, incentives, and money earned per student) causes the Court significant concern as to its admissibility such that counsel will be required to make a proffer outside the jury's presence before such matters may be admitted.

8.    Defendant's Motion in Limine to Exclude Evidence of New and Previously Undisclosed Allegations of Negligence (Doc. 87) is **MOOT** as plaintiff has agreed that she will be confined to the allegations of negligence as outlined in Judge Presnell's Order denying summary judgment (Doc. 53), and as contained in her previous pleadings, including her complaint (Doc. 2) and memorandum in opposition to defendant's motion for summary judgment (Doc. 52).

9.    Defendant's Motion in Limine to Exclude Before and After Photographs of Andre Golden and Photographs of the CEP Truancy Van (Doc. 88) is **DENIED without prejudice**, defendant's having failed to provide the pictures for the Court's review.

10.    Defendant's Motion in Limine on Subsequent Policy and/or Procedural Implementations (Doc. 89) is **GRANTED** to the extent that all evidence regarding

subsequent remedial measures must comply with Fed.R.Evid. Rule 407 and the exceptions thereto.  Plaintiff should make a proffer of any such evidence outside the presence of the jury.

11.    Defendant's Motion in Limine to Exclude Evidence of CEP's Website Marketing and Advertising Materials (Doc. 90) is **DEFERRED**.  While the Court finds the contents of defendant's website are statements within the meaning of Fed.R.Evid. Rule 801(d)(2) and are therefore not subject to exclusion as inadmissible hearsay, see, e.g., United States v. Standring, Case No. 1:04cv730, 2006 WL 689116, *3 (S.D. Ohio March 15, 2006); Telewiczja Polska, USA v. Echostar Satellite Corp., Case No. 02C3293, 2004 WL 2367740, *5 (N.D. Ill. Oct. 15, 2004); Van Westrienen v. Americontinental Collection Corp., 94 F.Supp.2d 1087, 1109 (D. Or. 2000), the Court wants to hear argument on relevance.

12.    Counsel are advised that all rulings on motions in limine are subject to change should counsel "open the door" at trial or should other events at trial cause the Court to revisit some of these issues upon motion or sua sponte.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of March, 2007.


TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

4